PASQUALE CINELLI, an Infant, by ANGELO CINELLI, His Guardian ad Litem, Respondent, v. VAN HOLM BAKERIES COMPANY, INC., Appellant.

Third Department, May 8, 1924.

Nuisance — action for injuries suffered by plaintiff when iron doors in sidewalk were raised and he was thrown and injured — judgment in favor of plaintiff reversed for failure to prove that defendant controlled doors or that its employee who opened doors was within employment.

In an action to recover damages for injuries suffered by the plaintiff who, while walking over iron doors in the sidewalk, was thrown and injured when the doors were opened from below by defendant's employee, the judgment in favor of the plaintiff must be reversed, since there was no proof that the defendant owned or leased the entire building in which it had its bakery and in front of which the iron doors were located, or that the defendant occupied or controlled the cellar or maintained the iron doors, and furthermore, it was not shown that the person who opened the doors, although in the general employ of the defendant, was at the time within the scope of his employment.

APPEAL by the defendant, Van Holm Bakeries Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 27th day of October, 1923, upon the verdict of a jury for $4,700, and also from an order entered in said clerk's office on the 30th day of November, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellant.

*Judge, Lyons & Boyle* [*John E. Judge* of counsel], for the respondent.

H. T. Kellogg, J.:

The defendant, as established by an admission in the pleadings, on March 15, 1922, " conducted a bakery at No. 428 State Street in the City of Schenectady, N. Y." In the sidewalk in front of the building used as a bakery iron doors had been placed. When these doors were open access was given to the cellar under the building. When they were closed they were on a plane with the sidewalk and formed a part thereof. On the day named the plaintiff, a thirteen-year-old boy, came hurrying or running along the sidewalk. The iron doors were then closed. As the plaintiff stepped thereon the doors were lifted by a man underneath and the plaintiff was thrown to the sidewalk and injured. There was no proof that the defendant owned or leased the entire building. There was no proof that it occupied or controlled the cellar or maintained the iron doors. Consequently, although the doors may have constituted a nuisance, responsibility therefor was not shown to have rested upon the defendant. There was proof that a man named Seankwitz opened the doors; that he was dressed in a white coat, white cap and white apron; that he had been employed by the defendant for two years. No proof was given, however, showing that Seankwitz had gone from his employer's bakery to the cellar or was returning to the bakery from the cellar. Neither was there any other proof indicating that he was acting for his employer at the moment of the accident. Therefore, although Seankwitz may generally have been an employee of the defendant, he was not shown to have been acting in that capacity when an injury was done by him to the plaintiff. Consequently, liability on the part of the defendant master was not established.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.